IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEVION C. SHIDER, #333439, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:23-cv-422-RAH-JTA ) |
| GREGORY DORRIETY, | ) ) ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff LaKevion C. Shider filed this *pro se* 42 U.S.C. § 1983 action. (Doc. No. 1.) On August 22, 2023, the Court issued an Order directing Plaintiff to immediately inform the Court of any change in his address. (Doc. No. 2.) The Court specifically cautioned Plaintiff that failure to provide a correct address to the Court within ten (10) days following any change of address would result in dismissal of this action. (*Id.* at 2.) On October 2, 2023, the Court issued another Order with the same directive and warning. (Doc. No. 4.) Nevertheless, it appears that Plaintiff is no longer located at the last service address on record with the Court.[1]

Accordingly, on October 25, 2023, the Court issued an Order informing Plaintiff that this case cannot proceed if his whereabouts remain unknown and directing him to show cause why this case should not be dismissed for his failure to comply with Court orders.

---

[1] The last service address Plaintiff provided to the Court is the Dale County Jail in Ozark, Alabama. However, on October 19, 2023 and November 16, 2023, the United States Postal Service returned documents mailed to Plaintiff at that address as undeliverable with notations indicating that Plaintiff is no longer located at that facility.

(Doc. No. 5.) The Court again cautioned Plaintiff that his failure to comply with the October 25 Order would result in a Recommendation that this case be dismissed. (*Id*. at 2.) The deadline for Plaintiff to comply with that Order was November 6, 2023; however, more than three weeks have passed since that deadline, and Plaintiff has failed to respond.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where the Court has made efforts to contact Plaintiff, who has failed to comply with the Court's directives and whose whereabouts remain unknown, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **December 15, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual

findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of November, 2023.

*[signature]*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE